```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MICHAEL STEFANELLI, | CIVIL ACTION NO. 05-1946 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| JO ANNE B. BARNHART, |  |
| Defendant. |  |

**THIS MATTER ARISES** on the in-forma-pauperis application of the plaintiff, Michael Stefanelli, under 28 U.S.C. § 1915. Stefanelli appears to be represented by Legal Services of New Jersey. (Compl., at 1; App., at 1.) This is an action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security. The Court is required to address the application before reviewing the complaint's sufficiency. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

## THE APPLICATION

Stefanelli's application is incomplete. He claims that he is homeless currently, but fails to clarify how he "reside[s]" and has a mailing address in Long Branch, New Jersey. (App., at 1; Compl., Ex. A, App. Action Not., at 1.) He claims he currently (1) is unemployed, and (2) receives food stamps and general assistance. (App., at 2.) But he fails to state specifically if he was employed or received any other money — and if so, the source and amount — in the past 12 months.

The Court intends to deny the application. The Court must do so when a plaintiff provides incomplete responses, and thus fails to show entitlement to in-forma-pauperis relief. See Spence v. Cmty. Life Imprvmt., No. 03-3406, 2003 WL 21500007, at *1 (E.D. Pa. June 26, 2003); Daniels v. County of Media, No. 03-377, 2003 WL 21294910, at *1 (E.D. Pa. Feb. 6, 2003); White v. Carollo, No. 01-4553, 2001 WL 1159845, at *1 (E.D. Pa. Sept. 13, 2001). The Court cannot determine from the application if Stefanelli has the means to pay the filing fee. He should consult the "Application To Proceed In Forma Pauperis" issued by the District of New Jersey, Form DNJ-ProSe-007-04, for guidance.

## THE COMPLAINT

The Court is authorized to review the complaint and direct that it not be filed if it is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); Mariani v. United States, 212 F.3d 761, 769 (3d Cir. 2000).

Stefanelli has provided a copy of the Notice of Appeals Council Action, which states (1) it concerns his "request for review of the Administrative Law Judge's ["ALJ's"] decision dated July 29, 2004," and (2) nothing substantive concerning that decision other than, "The record, as a whole, supports the [ALJ's] conclusion that, when not under the influence, you are capable of performing work-related activities." (App. Action Not., at 1-2.) As Stefanelli has failed to provide a copy or a

more-detailed summary of the ALJ's decision, the Court is unable to determine if the action is frivolous or fails to state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  The Court will direct the Clerk of the Court to not file the complaint and designate the action as closed.

**FURTHER INFORMATION**

Stefanelli, if he moves under Federal Rule of Civil Procedure 60(b) for relief from the Court's judgment here, should annex: (1) either a more detailed in-forma-pauperis application or use Form DNJ-ProSe-007-04; and, (2) either a more-detailed summary of the ALJ's decision or a copy of that decision in addition to the Notice of Appeals Council Action.[1]  The Court will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper  
                                        **MARY L. COOPER**  
                                        United States District Judge

---

[1] The Court will be receptive to such a motion.  See Fed.R.Civ.P. 60(b)(1)&(6) (concerning inadvertence, excusable neglect, or any other reason justifying relief).  The Court will direct that the complaint not be filed and close the action, rather than terminate the action administratively, to place the burden on Stefanelli to bring the action to a final disposition. See Penn. W. Assocs. v. Cohen, 371 F.3d 118, 127-30 (3d Cir. 2004) (concerning effect of administrative termination).